DAVID POWERS,

        Plaintiff,

vs.

TEXAS ROADHOUSE HOLDINGS LLC, a
foreign limited liability company and JOHN
DOE, an individual employee of TEXAS
ROADHOUSE HOLDINGS LLC

        Defendants.

_____/

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF FLORIDA, GAINESVILLE
DIVISION

Case No.:

## DEFENDANT, TEXAS ROADHOUSE HOLDINGS LLC'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant, TEXAS ROADHOUSE HOLDINGS, LLC d/b/a TEXAS ROADHOUSE, a foreign limited liability company (hereinafter "Texas Roadhouse"), by and through its undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby removes to the United States District Court for the Northern District of Florida, Gainesville Division, an action pending in the Eighth Judicial Circuit in and for Alachua County, Florida, captioned *DAVID POWERS vs. TEXAS ROADHOUSE, HOLDINGS, LLC, etc.*, Case Number: 2019-CA-3193. IN support thereof, Texas Roadhouse would show:

1. Plaintiff commenced this action in the Circuit Court of Alachua County, Florida on or about September 18, 2019. The Summons and Complaint originally incorrectly named as the only defendant an entity referred to as "Texas Roadhouse, Inc. (hereinafter "Roadhouse, Inc."), not the entity which is currently named as the defendant. The original defendant was served with process on December 2, 2019. A copy of the Complaint, Return of Service and the date-stamped Summons are attached

as composite exhibit "A".

2.    Roadhouse, Inc. responded to the Plaintiff's original Complaint with a Motion to Dismiss, Alternative Motion for More Definite Statement. See exhibit "B."

3.    On December 20, 2019 Plaintiff filed his Amended Complaint in which, for the first time, he named, along with a fictitious "John Doe" defendant, Texas Roadhouse as defendant. See exhibit "C." Texas Roadhouse filed its answer on January 21, 2020. See exhibit "D."

4. Additional filings in the state court are:

a. Plaintiff's Request for Admissions to Defendant Roadhouse, Inc. of September 18, 2019 (exhibit "E").

b. Plaintiff's Notice of Service of Initial Interrogatories to Defendant Roadhouse, Inc. of September 18, 2019 (exhibit "F").

c. Plaintiff's Initial Request for Production to Defendant Roadhouse, Inc. of September 18, 2019 (exhibit "G").

d. Roadhouse, Inc.'s Response to Plaintiff's Request for Admissions of December 19, 2019 (exhibit "H").

e. Roadhouse, Inc.'s Request for Admissions to Plaintiff of December 19, 2019 (exhibit "I").

f. Roadhouse, Inc.'s First Request to Produce to Plaintiff of December 19, 2019 (exhibit "J").

g. Roadhouse, Inc.'s First Set of Interrogatories to Plaintiff of December 19, 2019 (exhibit "K").

h. Plaintiff's Notice of Filing of Affidavit of Service of December 23, 2019 (exhibit

"L").

i.  Plaintiff's Response to Defendant's First Request for Admissions of January 21, 2020 (exhibit "M").

j.  Texas Roadhouse's Motion to Strike from Plaintiff's Amended Complaint All Claims for and References to Interest of January 21, 2020 (exhibit "N").

5.     This action is being removed to the United States District Court, pursuant to 28 USC §1441 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.     In the operative Complaint, the Plaintiff is seeking damages for personal injuries claimed to have been sustained as a result of a slip and fall accident which is alleged to have occurred on May 11, 2018 at the Texas Roadhouse Restaurant located at 3984 SW 43rd Street, Gainesville, Alachua County, Florida.   In the operative Complaint it is alleged the Plaintiff sustained injuries when he fell.  It is further alleged:

> As a direct and proximate result of the negligence of Defendant, TEXAS ROADHOUSE, Plaintiff, suffered bodily injury, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Amended Complaint at ¶10.

7.     Texas Roadhouse understands that the Plaintiff's injuries claimed to have been sustained as a result of this accident consist of injuries of a minimally displaced and angulated fracture of the distal fibula of his left leg for which he underwent an open reduction with internal fixation surgical procedure on May 17, 2018.  Texas Roadhouse

further understands that the Plaintiff has incurred medical bills totaling at least $31,364.20 and loss of income of at least $12,000 which brings the total economic losses being claimed to at least $43,364.20. Texas Roadhouse further understands that the Plaintiff claims to have been permanently injured as a result of the subject accident and alleges that he continues to have pain and other difficulties through the present day.

8.   28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. The pleadings and the additional materials exchanged thus far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

a.   The Plaintiff is a citizen of the state of Florida.

b.   Texas Roadhouse is a limited liability company, authorized to and doing business in the state of Florida. Texas Roadhouse has only one member, Texas Roadhouse, Inc. Texas Roadhouse, Inc. is a Delaware corporation with its principal place of business in Louisville, Kentucky. As a result, Texas Roadhouse, Inc. is considered to be a citizen of the states of Delaware and Kentucky. 28 USC § 1332(c)(1). A corporation's principal place of business is determined by looking at the "total activities" of the corporation. *Bel-Bel I'National Corp. vs. Community Bank of Homestead*, 162 F.3d 1101 (11th Cir. 1998). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Rolling Greens MHP, L.P v. Comcast Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir.

2004) (Holding that a limited liability company is a citizen of any state of which a member of the company is a citizen.); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011). Consistent with these authorities, Texas Roadhouse is considered to be a citizen of Delaware and Kentucky.

c.      The Amended Complaint names as a defendant "John Doe" who it is alleged is an employee of Texas Roadhouse who was acting in the course and scope of that employment at the time of the events which are the subject of this lawsuit. See exhibit "C" at ¶4.      The "John Doe" defendant was obviously added solely for the purpose of attempting to defeat diversity of citizenship and Texas Roadhouse's right to remove this action.   However, pursuant to 28 USC § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, pursuant to 28 USC § 1441(b)(1) the presence of John Doe in this action does not serve to prevent removal of this matter.

d.      Although the Plaintiff's Complaint is silent as to the specific dollar amount of the underlying claim it is undisputed, as indicated above, this is an action seeking damages for personal injuries claimed to have been sustained as a result of a slip and fall accident which is alleged to have occurred on May 11, 2018 at the Texas Roadhouse Restaurant located at 3984 SW 43rd Street, Gainesville, Alachua County, Florida. In the operative Complaint it is alleged the Plaintiff sustained injuries when he fell. It is further alleged:

> As a direct and proximate result of the negligence of Defendant, TEXAS ROADHOUSE, Plaintiff, suffered bodily injury, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Amended Complaint at ¶10.

e.      Texas Roadhouse understands that the Plaintiff's injuries claimed to have been sustained as a result of this accident consist of injuries of a minimally displaced and angulated fracture of the distal fibula of his left leg for which he underwent an open reduction with internal fixation surgical procedure on May 17, 2018.  Texas Roadhouse further understands that the Plaintiff has incurred medical bills totaling at least $31,364.20 and loss of income of at least $12,000 which brings the total economic losses being claimed to at least $43,364.20.  Texas Roadhouse further understands that the Plaintiff claims to have been permanently injured as a result of the subject accident and alleges that he continues to have pain and other difficulties through the present day.

f.      Roadhouse, Inc.'s First Request for Admissions served on December 19, 2019, among other things, Plaintiff was asked to admit that "The matter in controversy in this litigation does not exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest."  Rather than admit or deny the request as phrased, in a clear attempt to avoid making any commitment which he might later come to regret, and clearly in an attempt to keep open all of his options, chief of which is to avoid removal yet still be able to claim in state court damages in excess of $75,000, Plaintiff responded:

> Plaintiff objects to this request for admission under Florida Rule of Civil Procedure 1.370 as seeking, not an application of law to facts, but a purely legal conclusion. See *Davis v. Dollar Rent a Car System,* 909

So.2d 297, 300 (Fla. 5th DCA 2004) ("We conclude that while the current rule now allows for requests directed to opinions, facts, and the application of law to facts, it continues to make no provision for requests seeking a purely legal conclusion. Accordingly, because the response to a request seeking an admission or denial regarding whether a duty of care is owed is a purely legal conclusion, prior case law, which holds that such requests are inappropriate and that a response is thus unnecessary, is still applicable."); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1261, n. 12 (11th Cir. 2002) (noting that discovery requests were stricken because they improperly called for legal conclusions); *In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bkrtcy. M.D. Fla. 1995) (holding that a discovery request for a conclusion of law is improper).

Plaintiff further objects in that this request for admission may reasonably be interpreted to seek communications, mental impressions, conclusions, opinions, or legal theories of Plaintiff's counsel performing in their professional capacity as attorneys in rendering legal services to Plaintiff herein, and are thus immune from discovery under the attorney opinion work-product privilege.

Finally, at this time, Plaintiff is unable to admit or deny that the damages at issue in this case are more or less than $75,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages at issue in this case. Specifically, Defendant has denied the damages claims made by Plaintiff. This factual dispute is one which should be appropriately resolved by a jury and is inappropriate for a request for admissions as the amount in controversy between the parties is not reasonably calculated to expedite the trial of the action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry. Notwithstanding, Plaintiff admits that for jurisdictional purposes, the amount in controversy exceeds $15,000.00, exclusive of interest, costs, and attorney's fees.

These objections are not well-taken and have been rejected by the Florida courts. For example, in the case of *Sunrise Mills (MLP) Ltd. Partnership v. Adams*, 688 So2d 464 (Fla. 4th DCA 1997) the court rejected the claim that this type of request for admission was improper, concluding that the plaintiff's objections were "entirely unfounded." 688 So.2d at 465. Similarly, in *K-Mart Corp. v. Fernandez*, 623 So.2d 846 (Fla. 2d DCA 1993) the court noted that: "request for admissions is a proper method to

ascertain the amount in controversy for removal purposes." 623 So.2d at 847. The response also fails to comply with the provisions of the Florida Rules of Civil Procedure regarding the required certification when one claims an inability to respond or lack of knowledge.

Plaintiff's response is also confusing. For example, attached to the request was a copy of letter from Plaintiff's previous attorney but the Plaintiff claimed to be without knowledge of whether his attorney demanded the sum of $100,000 to settle this matter Plaintiff also claimed an inability to admit whether the exhibit attached to the request was a true and correct copy of the letter his lawyer sent to Texas Roadhouse on his behalf. Yet, at the same, time Plaintiff was able to deny that the demand, which Plaintiff claims to have no knowledge of, represented his prior attorney's reasonable assessment of the value of his claim. The Plaintiff denied that he is claiming to have incurred medical bills totaling $31,364.20, as represented in his attorney's letter, but at the same time claimed an inability to admit that he was claiming medical bills in excess of $31,364.20. These responses, which it is assumed were made in good faith, are impossible to reconcile.[1]

g.      On September 12, 2018, prior to suit being filed, Plaintiff made a demand to settle this matter for the sum of $100,000. See exhibit "P."

h.      Further evidence that the required minimum amount in controversy is present is demonstrated by the fact that on January 22, 2020, Texas Roadhouse

---

[1] In correspondence dated January 22, 2020 (exhibit "O"), these problems and inconsistencies were pointed out to the Plaintiff. However, the Plaintiff has failed, to date, to respond.

requested that the Plaintiff stipulate that his damages did not exceed the sum of $75,000 but the Plaintiff has failed to respond to this request.[2]  See exhibit "O."

i.      As a result, while taken separately the allegations in the Amended Complaint, the Plaintiff's response to the Request for Admissions[3], Plaintiff's refusal to stipulate to a limitation on damages and Plaintiff's demand letter of September 12, 2018, each by themselves, might not prove by a preponderance of the evidence that more than $75,000 is in controversy, Texas Roadhouse submits that together they suffice. *Stephenson v. Amica Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 116617 (M.D. Fla. 2014)[4]; *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 *3-4 (SD Fla. 2010) (finding that a pre-suit demand letter and a plaintiff's "noncommittal responses" to request for admissions sufficiently demonstrated a $75,000 amount in controversy).

9.      This Court has original jurisdiction of this action pursuant to 28 USC §1332 as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

10.      This Notice of Removal has been filed within the time frame specified by

---

[2] Although standing alone a refusal to stipulate the actual amount of damages sought does not support jurisdiction, this Court may properly consider Plaintiff's refusal as further evidence that the amount in controversy exceeds $75,000. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d at 1380; *Diaz v. Big Lots Stores, Inc.*, 2010 U.S. Dist. Lexis 143285 (M.D. Fla. 2010).

[3] As noted above, Interrogatories and a production request have been directed to the Plaintiff but have gone unanswered although the Plaintiff has responded to the Request for Admissions. This appears to a tactic by the Plaintiff designed and intended to conceal and obfuscate the amount of damages he is claiming in another effort to frustrate, and potentially prevent, Texas Roadhouse from exercising its right to remove this action.

[4] In his opinion, Judge Dalton noted that: "while genuine jurisdictional ambiguities must be resolved in favor of remand, see *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), jurisdictional ambiguities of a plaintiff's own creation generally weigh in favor of removal. See, e.g., *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that "deliberatively equivocal interrogatory responses" weigh in favor of removal). The increasingly common practice among plaintiffs of equivocating to avoid removal is therefore counterproductive as well as inconsistent with counsel's obligation for candor."

law pursuant to 28 USC §1446 (b)(3)(A). Specifically, within thirty (30) days of Texas Roadhouse receiving on January 21, 2020 Plaintiff's Response to Defendant's First Request for Admissions, the first date on which Texas Roadhouse was able to determine that this cause was removable to this Court.

11.     Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Duval County, Florida.

12.     Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Courts by using the eFiling Portal, and that a copy was served via Electronic Mail on the 11th day of February 2020 to: James G. Biggart, II, Esquire, Morgan & Morgan, 104 N. Main Street, Suite 500 Gainesville, FL 32609; jbiggart@forthepeople.com; swright@forthepeople.com; ashealy@forthepeople.com.

Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL 32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
bdstokes@awtspa.com
nlumlock@awtspa.com
eservice@awtspa.com