**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA**

DAVID POWERS,

      Plaintiff,

vs.                         CASE NO.: 2019-CA-3193

TEXAS ROADHOUSE HOLDINGS LLC, a
foreign limited liability company, and
JOHN DOE, an individual employee of
TEXAS ROADHOUSE HOLDINGS LLC,

      Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff DAVID POWERS, by and through his undersigned attorneys, pursuant to Rule 1.190(a), and with the written consent of Defendant, sues Defendants, TEXAS ROADHOUSE HOLDINGS LLC, a foreign limited liability company, and JOHN DOE, an individual employee of TEXAS ROADHOUSE HOLDINGS LLC and alleges:

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. At all times material to this action, Plaintiff DAVID POWERS was a resident of Archer, Alachua County, Florida.

3. At all times material to this action, Defendant, TEXAS ROADHOUSE HOLDINGS LLC ("TEXAS ROADHOUSE"), was and remains a foreign limited liability company authorized to do business and doing business in Gainesville, Alachua County, Florida.

4. Defendant, JOHN DOE, is a pseudonym used to identify an individual employee of TEXAS ROADHOUSE, who was at the specific store noted above and who was involved in the



incident described in this Complaint, and whose identify is not known to the Plaintiff as of the date this Complaint is filed. Upon information and belief, Defendant JOHN DOE is a resident of Alachua County, Florida. Discovery propounded upon Defendant TEXAS ROADHOUSE contemporaneously with the Complaint, is calculated to reveal the identity of JOHN DOE, so he can be properly identified as a party to this action pursuant to Florida Rules of Civil Procedure 1.250 and served with a Summons and Amended Complaint.

5. At all times material to this action, Defendant, TEXAS ROADHOUSE, was in possession of, owned, maintained, managed, and/or controlled a restaurant located at 3984 SW 43rd Street, Gainesville, Alachua County, Florida, said business being open to the general public, including the Plaintiff herein.

6. At all times material to this action, Defendant TEXAS ROADHOUSE owed a non-delegable duty to invitees such as Plaintiff to maintain its premises in a reasonably safe condition, to protect invitees from hazards on the premises and to warn invitees of dangerous conditions that were known to Defendant but were unknown to invitees.

7. On or about May 11, 2018, Plaintiff was an invitee on Defendant TEXAS ROADHOUSE's premises as patron dining in Defendant's restaurant.

8. At that time and place, Plaintiff slipped and fell in a liquid substance on the floor and sustained injuries.

## COUNT I

Plaintiff re-alleges paragraphs 1 through 8, as though fully set forth herein.

9. Defendant TEXAS ROADHOUSE knew, or in the exercise of reasonable care should have known of the dangerous condition, or Defendant created the dangerous condition either

through the acts of its employees, in its negligent maintenance of the property, or in its negligent method of operation, and Defendant should have corrected the condition or warned Plaintiff of its existence.

10.     As a direct and proximate result of the negligence of Defendant, TEXAS ROADHOUSE, Plaintiff, suffered bodily injury, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant TEXAS ROADHOUSE for damages, costs of this action, interest, and such other and further relief as this Court may deem just.

<u>**COUNT II**</u>

Plaintiff re-alleges paragraphs 1 through 8 as though fully set forth herein.

11.     At all times material to this action, Defendant JOHN DOE was acting as a manager with supervisory authority for Defendant TEXAS ROADHOUSE, located at 3984 SW 43rd Street, Gainesville, Alachua County, Florida.

12.     At all times material to this action, Defendant JOHN DOE was directly responsible for maintaining and operating the restaurant and executing Defendant TEXAS ROADHOUSE's policies and procedures of restaurant management and was personally involved in the aforesaid Defendant's previously described tortious conduct and is therefore personally

liable to Plaintiff. See, e.g., White v. Wal-Mart Stores, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

13. At all times material hereto, Defendant JOHN DOE as the restaurant manager of the subject premises, owed Plaintiff a duty to maintain the store in a reasonably safe condition.

14. At all times material hereto, Defendant JOHN DOE, as the restaurant manager of the subject premises, owed Plaintiff a duty to warn him of any hidden dangerous conditions on the premises, including liquid substances on the floor in areas where customers walk.

15. At said time and place, Defendant JOHN DOE breached his duty owed to Plaintiff, by committing one or more or the following omissions or commissions:

(a) Engaging in a negligent manner or practice such that employees are not properly maintaining the floors in a reasonably safe condition, thereby creating a hazardous condition to members of the public on the premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

(b) Negligently failing to ensure that Defendant TEXAS ROADHOUSE's employees followed their non-delegable duty to maintain the premises in a reasonably safe condition for invitees (including but not limited to, hiring, training and supervision of such employees);

(c) Negligently failing to personally maintain or adequately maintain the premises, to ensure that employees do not operate in a manner that creates a hazardous condition to members of the public utilizing said premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

(d) Negligently failing to have adequate policies and procedures in place to ensure that invitees on the subject premises would not encounter hidden liquid substances on the floor where it would have reasonably been anticipated that someone would walk; thus creating an unreasonably dangerous condition for Plaintiff;

(e) Negligently failing to personally correct or adequately correct the unreasonably dangerous practice of failing to inspect the premises for hidden liquid substances on the floor, as described above on Defendant, TEXAS ROADHOUSE's premises, when said negligent practice was either known to Defendant or should have been known to Defendant had Defendant exercised reasonable care.

4

17.     As a result, while Plaintiff was walking in Defendant TEXAS ROADHOUSE's premises, he slipped and fell in a hidden liquid substance on the floor, which resulted in significant and permanent injuries.

18.     As a direct and proximate result of the negligence of Defendant JOHN DOE, Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant JOHN DOE for damages, costs of this action, interest, and such other and further relief as this Court may deem just.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff DAVID POWERS hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 20th day of December, 2019

**MORGAN & MORGAN**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQUIRE
FBN: 0037310
104 N. Main Street, Ste. 500
Gainesville, Florida 32601
Primary email: jbiggart@forthepeople.com
Secondary: swright@forthepeople.com
Secondary: ashealy@forthepeople.com
Telephone:     (352) 253-2702
Facsimile:      (352) 253-2795
Attorneys for Plaintiff